## John T. Sanborn *versus* Nathan Davis.

Where a cause has been submitted to referees by a rule of court, and the parties have agreed to have the report made known and the case settled at the time of the hearing before the referees, the court will not recommit the case to the referees on the ground, that since the hearing, new evidence has been discovered.

ASSUMPSIT upon a note, dated February 7, 1827, for $100, made by the defendant, payable to S. D. Stevens or order, in three years, and endorsed to the plaintiff. The cause was submitted to three referees, by rule of court, at November term, 1830 ; and, at this term, the referees reported, that the defendant should recover his costs of reference, taxed at $15,44, and costs of court, to be taxed by the court.

The plaintiff objected to the acceptance of the report ; and moved that the cause be recommitted to the referees, on the ground, that since the hearing before them he had discovered new evidence, which he had submitted to the referees, and which in their opinion might have altered the decision of the cause.

The defendant opposed the recommitment, on the ground, that at the time the parties entered into the agreement to refer the cause, the plaintiff agreed that the report should be opened at the time of the hearing before the referees, be made known to the parties, and be there settled without further controversy, and that, under this agreement, the decision of the referees was made known to the parties at the time of the hearing.

*Quincy*, for the plaintiff.

*Britton*, for the defendant.

*By the court.* It is a common practice to recommit cases to referees upon the discovery of new evidence, which is, in the opinion of the referees, material. But there is no case within our recollection, in which the court has interfered, where the parties have agreed to have the report made known at the time of the hearing, and to abide the decision. In such a case the decision of the referees is made conclusive by the agreement of the parties, and ought not to be disturbed by any interference of this court.

When the parties choose to depart from the common course of proceedings in such submissions, they render the common rules by which we govern ourselves inappli-

cable. If the plaintiff cannot rebut the evidence, which goes to prove his agreement to have the award made known and settled at the time of the hearing, we cannot interfere.

We think, that in such a case it would be a very unsafe course to recommit a cause, on the ground that evidence had been found that might change the decision.

*Report accepted.*